**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Luis Martinez, | No. CV-19-04481-PHX-DGC (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona, | |
| Respondents. | |

Petitioner David Martinez is confined in Arizona state prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docs. 1, 2. Magistrate Judge Eileen Willett has issued a report recommending that the petition be denied ("R&R"). Doc. 17. Petitioner has filed a motion to amend the petition. Doc. 21. For reasons stated below, the Court will deny the motion to amend and give Petitioner until **September 25, 2020** to file objections to the R&R.

**I.     Background.**

In February 2017, Petitioner pled guilty in state court to three counts of attempted sexual exploitation of a minor in violation of A.R.S. § 13-3553. Doc. 13-1 at 8-13. He was sentenced to nine years in prison, followed by lifetime probation. *Id.* at 14-33. His petitions for post-conviction relief were denied. *Id.* at 33-143.

Petitioner filed the present habeas petition in June 2019.  Docs. 1, 2.  The petition asserts three grounds for relief:  (1) § 13-3553 is unconstitutional because it shifts the burden of proof from the state to the defendant, (2) ineffective assistance of counsel, and (3) insufficient indictment.  Docs. 1 at 6-7, 2 at 3-6.  Respondents filed an answer, to which Petitioner replied.  Docs. 13, 14.

Judge Willett issued her R&R on July 6, 2020.  Doc. 17.  Petitioner filed an interlocutory appeal four days later.  Doc. 18; *see* Doc. 19 (Case No. 20-16346).  On July 23, 2020, the Ninth Circuit dismissed the appeal for lack of jurisdiction.  Docs. 20, 22-1.  The mandate issued August 14, 2020.  Doc. 22.

## II.     Petitioner's Motion to Amend (Doc. 21).

A federal habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Thus, a petition may be amended as a matter of course 21 days after service or 21 days after service of a responsive pleading, whichever is later.  Fed. R. Civ. P. 15 (a)(1).  Because Respondents have filed an answer and the deadline for amending as a matter of course has passed, Petitioner may amend "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Petitioner has provided no written consent from Respondents allowing amendment.

Leave to amend should be given freely when justice so requires, *see id.*, but may be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision whether to grant leave "is within the discretion of the District Court."  *Id.*

The Court will deny Petitioner leave to amend based on undue delay, prejudice to Respondents, and failure to comply with the Court's Local Rules of Civil Procedure. Petitioner filed his motion to amend on August 6, 2020, eight months after Respondents had devoted considerable resources responding to the petition and one month after Judge

Willett issued her R&R on the petition. *See* Docs. 13, 17, 21. Further, Petitioner was required to attach a proposed amended petition to his motion, but did not do so. *See* LRCiv 15.1(a) ("A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends[.]"); *see also Eldridge v. Schroeder*, No. CV-14-01325-PHX-DGC-ESW, 2016 WL 354868, at *2 (D. Ariz. Jan. 28, 2016) (explaining that a "district court's local rules are not petty requirements, but have 'the force of law'") (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)); *Andreozzi v. United States Parole Comm'n*, No. CV-16-00669-PHX-DGC, 2017 WL 467973, at *4 (D. Ariz. Feb. 3, 2017) ("[C]ourts in this district 'routinely deny motions for leave to amend for failure to comply with LRCiv 15.1(a),' and it is well within their discretion to do so.") (citations omitted); *Young v. Nooth*, 539 Fed. App'x. 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Young leave to amend his complaint because Young failed to attach a proposed amended complaint as required by local rule."). Additionally, Petitioner's motion does not purport to amend any of the three grounds for relief asserted in the petition, but instead seeks to add various "exhibits" containing "points and authorities" in support of the petition. *See* Doc. 21 at 5-26. Petitioner's motion and the proposed exhibits do not make clear how Petitioner intends to amend his petition.

The Court will exercise its discretion and deny Petitioner's motion to amend. *See Foman*, 371 U.S. at 182; *Andreozzi*, 2017 WL 467973, at *5 (finding that denial of a motion to amend "was justified on the bases of undue delay, prejudice to Respondent, and failure to comply with the Local Rules"); *Earixson v. Walker*, No. CIV. 02-2543-PCT-ROS, 2006 WL 3499973, at *1 (D. Ariz. Dec. 5, 2006) (denying leave to amend where the petitioner had "no proposed pleading before the [c]ourt, but only a narrative motion to amend[,]" and the court could not "determine [p]etitioner's intentions or address a nonexistent amended/supplemental petition"); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("We have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no

satisfactory explanation for his failure to fully develop his contentions originally.") (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)).

Petitioner shall have until **September 25, 2020** to file objections to the R&R. Respondents shall file a response to any objections by **October 9, 2020**, and Petitioner may file a reply by **October 23, 2020**. Petitioner is advised that if he does not file objections to the R&R, the Court will adopt the R&R and terminate this litigation.

**IT IS ORDERED:**

1. Petitioner's motion to amend his habeas petition (Doc. 21) is **denied**.

2. Petitioner shall have until **September 25, 2020** to file objections to the R&R (Doc. 17). Respondents shall file a response to any objections by **October 9, 2020**. Petitioner may file a reply by **October 23, 2020**.

Dated this 4th day of September, 2020.

David G. Campbell
Senior United States District Judge