**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Luis Martinez,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV-19-04481-PHX-DGC (ESW)<br><br>**ORDER** |

Petitioner David Martinez is confined in Arizona state prison. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docs. 1, 2. Magistrate Judge Eileen Willett has issued a report recommending that the petition be denied ("R&R"). Doc. 17. Petitioner objects. Doc. 26. For reasons stated below, the Court will accept the R&R and deny the petition.

**I.    Background.**

In February 2017, Petitioner pled guilty in state court to three counts of attempted sexual exploitation of a minor in violation of A.R.S. § 13-3553. Doc. 13-1 at 8-13. He was sentenced to nine years in prison, followed by lifetime probation. *Id.* at 14-33. His petitions for post-conviction relief were denied. *Id.* at 33-143; *see Arizona v. Martinez*, No. CR2015-132643 (Maricopa Cty. Super. Ct. 2015); Judicial Branch of Arizona, Maricopa County, *Criminal Court Case Information – Case History*, http://www.superior

court.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2015-132643 (last visited Nov. 5, 2020).

Petitioner filed the present habeas petition in June 2019. Docs. 1, 2. The petition asserts three grounds for relief: (1) § 13-3553 is unconstitutional because it shifts the burden of proof from the state to the defendant, (2) ineffective assistance of counsel, and (3) insufficient indictment. Docs. 1 at 6-7, 2 at 3-6. Respondents filed an answer, to which Petitioner replied. Docs. 13, 14. Judge Willett issued her R&R on July 6, 2020. Doc. 17. The Court granted Petitioner an extension of time to file an objection to the R&R, and he did so on October 22. Docs. 25, 26.

## II. Judge Willett's R&R.

Judge Willett found that Petitioner has not shown that the state court's rejection of ground one – that § 13-3535 is unconstitutional – was an unreasonable determination of the facts based on the evidence, or is contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent. Doc. 17 at 7-8. With respect to ground two – ineffective assistance of counsel – Judge Willett found that Petitioner's allegations are too vague and conclusory to support habeas relief, and that the claim was not properly presented to the state courts and is now procedurally defaulted. *Id.* at 8-12. Judge Willett found ground three – insufficient indictment – procedurally defaulted, and held that Petitioner has not established an exception to the procedural default. *Id.* at 12-15.

## III. Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

/ / /

**IV.     Petitioner's Objection.**

Petitioner appears to object to Respondent's answer, but presents no specific objection to Judge Willett's findings and conclusions in the R&R. Doc. 26. Petitioner "object[s] to the State's response as the issues originally being addressed [have] not been addressed wherefore the Petitioner's due process rights being addressed [are] still in direct violation." *Id.* at 1. Petitioner further states that "as the due process violations are still directly applied and are still being violated and the Petitioner objects to the ruling of the Respondent." *Id.*

Under Rule 72, objections must be "specific . . . to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1). An obvious purpose of this requirement is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress, a general objection "has the same effect as would a failure to object." *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013).

Because Petitioner presents no specific objection to Judge Willett's review of the state court decisions and procedural bar analysis, the Court will adopt the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas N. Panasewicz v. Carla Hacker-Agnew*, No. CV-19-00401-PHX-ROS, 2020 WL 2615995, at *1 (D. Ariz. May 22, 2020) ("[T]he Court need not conduct . . . a review of any portion of the R&R where there are no objections or where the objections are 'general and non-specific.'"); *Markland v. Ryan*, No. CV-14-02563-PHX-SMM, 2018 WL 1382525, at *1 (D. Ariz. Mar. 19, 2018) ("An ineffective general objection has the same effect as a failure to object.").

Judge Willett recommends denying a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right with respect to ground one, and the denial of grounds two and three is justified by a plain procedural bar. Doc. 17 at 15-16; *see* 28 U.S.C.

§ 2253(c)(2). Petitioner does not object to this recommendation and has not otherwise shown that "reasonable jurists would find the [Court's] assessment of [his] claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court accordingly will deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

**IT IS ORDERED:**

1. Judge Willett's R&R (Doc. 17) is **accepted**.
2. Petitioner's habeas petition (Docs. 1, 2) is **denied**.
3. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.
4. The Clerk is directed to **terminate** this action.

Dated this 6th day of November, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge